Curia, per Johnson, Ch.
This court concurs in the decree of the Circuit Court. There are, however, two questions mainly relied on here, which deserve further notice. They are, (1) whether the complainants are entitled to set off the usurious interest against the judgment at law; and if so, (2) whether this court has jurisdiction of the matter.
In Clark vs. Hunter, 2 Speers, 86, (and it would be unprofitable to trace further back for authority,)-it was solemnly ruled that, in an action at law on a promissory note, the defendant might set off against the principal debt, usurious interest paid on it. In that case it is said, arguendo, that the borrower having voluntarily paid the usury, he could not, since the Act of 1831, maintain an action to recover it back; and it is insisted that this is in effect a bill to recover back money so paid. But I am not altogether prepared to assent to such a construction of the Act, nor can I perceive how it can be reconciled to the right of the party to set it off in an action at law to recover back the principal sum. If it may be set off, it would seem to follow that an action at law would lie to recover it back. If the right exists there must be an adequate remedy. It cannot be set off here, because the judgment at law was obtained before the usury was paid,— apart from that consideration, the object of this bill is to obtain precisely what was allowed in the case referred to — not to recover back money paid, but to set off, against the. judgment at law, money paid to the defendant, which he ought to have applied towards its satisfaction.
No notice is taken of the objection to the jurisdiction of the court in the circuit decree, and I suppose it was not insisted on there, and although it is raised in the answer, I question much the propriety of considering it he're, as the jurisdiction of this court is strictly appellate; nor do I think that the Chancellor on circuit is bound to look critically into the pleadings to ferret out something that the counsel did not think worthy of being brought to notice. There is, however, no difficulty about the matter. The argument in support of the objection is, that if the complainants have a right to set off the money paid on account of excessive usury, they may recover it in an action at law, and having a remedy there they cannot come into this court. The defendant has a judgment against the complainants, which, but for the interposition of this court, he might enforce at any moment, and thus compel them to pay again a debt which they have already paid; and if they are driven to law to recover *418 it back, they may be despoiled before the relief comes. It has occurred to me that the complainants might have substantially obtained the relief they now seek, in the law court, on a rule to shew cause why satisfaction should not be.entered on the judgment ; but that is an equitable proceeding, and although exercised there, is, I suppose, not incompatible with its exercise here. The bill, however, prays that the unpaid usurious notes may be delivered up and cancelled, and that is itself a distinct ground of equity jurisdiction never exercised by the law court.
The appeal is therefore dismissed, and the decree of the Circuit Court affirmed.
Harper and Johnston, CC. concurred.